

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PTH:JV
F. #2018R02044

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 27, 2020

<u>By ECF and E-mail</u>

The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: United States v. Jason Vale
           <u>Docket No. 19-MJ-969</u>

Dear Judge Kuo:

      The government respectfully submits this letter requesting an order of excludable delay through July 18, 2020 pursuant to Title 18, United States Code, Section 3161(h)(7)(A). The government has consulted with defense counsel, who confirmed that his client consents to this exclusion of time within which an indictment must be filed. <u>See</u> attached Application and Order of Excludable Delay executed by Jason Vale.

      By way of background, on October 23, 2020, Jason Vale and his mother, Barbara Vale, were arrested and charged by complaint with criminal contempt, in violation of Title 18, United States Code, Section 402, for the knowing and willful violation of the November 17, 2000 Consent Decree of Permanent Injunction entered by the Honorable John Gleeson in <u>United States v. Christian Bros. Contracting Corp., a corporation, and Jason Vale, an individual</u>, Civil Action No. 99-CV-7683. (<u>See</u> Dkt. No. 1.) In addition, Jason Vale was charged with Entry of Goods by False Statements, in violation of 18 U.S.C. § 542, and Barbara Vale was charged with Smuggling, in violation of 18 U.S.C. § 554. (<u>Id.</u>) Both defendants were released on bond the same day, and since then the parties have been in discussions concerning the potential for a resolution short of trial.

      To facilitate those discussions, the parties requested four prior exclusions of time, which were granted before the current health crisis. In response to the public health circumstances caused by the spread of the COVID-19 virus, the Honorable Chief United States District Judge Roslynn R. Mauskopf issued Administrative Orders 2020-06 and 2020-15, which further tolled the time within which an indictment must be filed through May 15, 2020.

On May 19, 2020, the government contacted counsel for Barbara Vale and Jason Vale to inquire if the defendants wished to continue plea discussions and seek a further Order of Excludable Delay. Barbara Vale agreed and then Barbara Vale and the government filed a joint Application for an Order of Excludable Delay that same day. The Honorable Steven Gold "so ordered" the Application and excluded time until July 18, 2020.

In response to the government's May 19, 2020 inquiry, Jason Vale and his counsel took the request under consideration. On May 21, 2020, the Honorable Chief United States District Judge Roslynn R. Mauskopf issued Administrative Order 2020-15-1, further tolling the 30-day time period for filing an indictment under 18 U.S.C. § 3161(b) *nunc pro tunc* from May 15, 2020 until June 8, 2020.

On May 26, 2020, counsel for Jason Vale provided the signature page for the attached Application and Order of Excludable Delay, signed by the defendant Jason Vale. Jason Vale's defense counsel is also in receipt of the Application and Order of Excludable Delay, but logistical challenges prevent counsel from signing and transmitting the signed document to the government. Nonetheless, defense counsel for Mr. Vale has confirmed his consent to the requested exclusion of time.

Accordingly, the parties submit that the requested exclusion of time through July 18, 2020 pursuant to 18 U.S.C. § 3161(h)(7) is in the interest of justice and will facilitate plea negotiations.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ *John Vagelatos*

        John Vagelatos
        Assistant U.S. Attorney
        (718) 254-6182

Att.

cc:     Clerk of Court (by ECF)
        Robert Soloway, Esq. (by E-Mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JASON VALE,

                Defendant,

APPLICATION AND ORDER
OF EXCLUDABLE DELAY

19-MJ-969

      The United States of America and the defendant JASON VALE hereby jointly request that the time period from May 19, 2020 to July 18, 2020 be excluded in computing the time within which an information or indictment must be filed. The parties seek the foregoing exclusion of time in order because:

      ☒ they are engaged in plea negotiations, which they believe are likely to result in a disposition of this case without trial, and they require an exclusion of time in order to focus efforts on plea negotiations without the risk that they would not, despite their diligence, have reasonable time for effective preparation for trial,

      ☐ they need additional time to investigate and prepare for trial due to the complexity of the case,

      ☐ other:

      This is the fifth application for an order of excludable delay. The defendant was arrested on October 23, 2019 and released on October 23, 2019.

/s/ *John Vagelatos*
John Vagelatos
Assistant United States Attorney

_____
Robert Soloway
Counsel for Defendant

*For defendant to read, review with counsel, and acknowledge:*

      I understand that federal law generally provides that I have a right to have formal charges lodged against me within thirty days of my arrest and a right to a trial on those charges within seventy days after formal charges have been lodged. I further understand that I do not have to consent to the exclusion of time sought in this application and that, by consenting to entry of this order, the date on which formal charges must be lodged will be delayed and the date for the commencement of any trial on those charges will likely be delayed as well. I also understand that if formal charges are not brought against me within the time required by law, I may seek relief from the court, and that this relief might include dismissal of the complaint now pending against me.

    I have reviewed this application, as well as the order annexed below, and have discussed the question of whether I should consent to entry of an order of excludable delay carefully with my attorney. I consent to the entry of the order voluntarily and of my own free will. I have not been threatened or coerced for my consent.

May 19, 2020  
Date

_____  
JASON VALE  
Defendant

*For Defendant's Counsel to read and acknowledge:*

    I certify that I have reviewed this application and the attached order carefully with my client. I further certify that I have discussed with my client a defendant's right to speedy indictment and the question of whether to consent to entry of an order of excludable delay. I am satisfied that my client understands the contents of this application and the attached order, that my client consents to the entry of the order voluntarily and of his or her own free will, and that my client has not been threatened or coerced for consent.

_____  
Robert Soloway  
Counsel for Defendant

## ORDER OF EXCLUDABLE DELAY

    Upon the joint application of the United States of America and defendant, JASON VALE, and with the express written consent of the defendant, the time period May 19, 2020 to July 18, 2020 is hereby excluded in computing the time within which an information or indictment must be filed, as the Court finds that this exclusion of time serves the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial because

    ☒    given the reasonable likelihood that ongoing plea negotiations will result in a disposition of this case without trial, the exclusion of time will allow all counsel to focus their efforts on plea negotiations without the risk that they would be denied the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

    ☐    additional time is needed to prepare for trial due to the complexity of case.

    ☐    other: given the reasonable likelihood that ongoing negotiations, and the process required for approval of a pretrial diversion agreement, will result in a disposition of

this case without trial, the ends of justice served by excluding such time outweigh the best interests of the public and the defendant in a speedy trial.

**SO ORDERED.**
**Dated:**     Brooklyn, New York
           May __28__, 2020

                                             HONORABLE PEGGY KUO
                                             United States Magistrate Judge

| | |
|---|---|
| **From:** | Robert Soloway |
| **To:** | Vagelatos, John (USANYE) |
| **Subject:** | USA v Jason Vale |
| **Date:** | Thursday, May 28, 2020 3:05:04 PM |

Dear Magistrate Judge Kuo:

I am counsel to Jason Vale in U.S. v. Vale, 19-MJ-969.  I am in regular contact with my client and have discussed the exclusion of time in this matter with him, including his rights pursuant to the Speedy Trial Act.

I have reviewed and agree to the terms of the proposed OED excluding the time period from May 19, 2020 to July 18, 2020 from the time within which an information or indictment must be filed.

I am now living for a short time at a rustic location where I are unable to print, sign, or scan the OED. If your Honor requires anything further, including a conference call, I am happy to make myself available.   Thank you.

Robert A Soloway


Sent from my iPhone
Mobile - (917) 723-4975